US v. Gingras                                    CR-02-047-M    12/09/02

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


United States of America,
        Plaintiff

        v.                                      Criminal No. 02-47-1
                                                Opinion No. 2002 DNH 212
Michael Gingras,
        Defendant


## O R D E R


In April of 2002, defendant, Michael Gingras, was indicted by a federal grand jury and charged with conspiracy to unlawfully distribute, and possess with intent to distribute, more than 500 grams of cocaine.  Gingras now moves to suppress evidence derived from the interception of certain communications over his cellular telephone, as well as evidence that was seized from his home and office.  For the reasons discussed below, those motions are denied.


I.    Intercepted Wire Transmissions.

Gingras challenges the electronic surveillance orders that authorized the government to monitor telephone calls over his cellular telephone, saying that: (1) the orders were issued without probable cause to believe that conversations relating to

illegal drug dealing and/or money laundering would be intercepted over his cellular telephone; and (2) the affidavits submitted by the government in support of its applications for those surveillance orders failed to demonstrate "necessity," as required by 18 U.S.C. § 2518(1)(c). The court disagrees.

In support of the original application for an electronic surveillance order,[1] New Hampshire State Police Sergeant Robert Quinn submitted a 139-page affidavit which, among other things, details extensive information provided by four confidential informants, substantial physical surveillance of Gingras, consensual calls placed to Gingras's cellular telephone by confidential informants, and an analysis of roughly eight months of pen registers and toll records relating to that telephone.

---

[1] On February 22, 2001, this court (Barbadoro, C.J.) signed an order authorizing the interception of wire communications to and from three telephones, one of which was the cellular phone used by Gingras. Interception of communications over those phones concluded on March 22, 2001. On March 27, 2001, the government sought and obtained authorization to continue to intercept communications to and from those phones for an additional 30 days. Finally, on April 27, 2001, the government sought and obtained a further extension of the authorization to intercept communications to those phones. Accordingly, Sergeant Quinn submitted three separate Title III affidavits in support of the government's three distinct requests for wiretap authorization.

Applying the "totality of the circumstances" test, that affidavit more than adequately established probable cause to believe that Gingras's telephone was being used in connection with illegal trafficking of controlled substances and money laundering. See generally Illinois v. Gates, 462 U.S. 213 (1983); United States v. Schaefer, 87 F.3d 562 (1st Cir. 1996).

It is equally plain that Sergeant Quinn's affidavit satisfies the so-called "necessity" requirement of 18 U.S.C. § 2518(1)(c). See United States v. London, 66 F.3d 1227, 1237 (1st Cir. 1995) ("We have interpreted this 'necessity' provision to mean that the statement should demonstrate that the government has made 'a reasonable, good faith effort to run the gamut of normal investigative procedures before resorting to means so intrusive as electronic interception of telephone calls.'") (citation omitted). Among other things, Sergeant Quinn's affidavit explains: (1) that the government exhausted all useful information that had been provided, or could be provided, by confidential informants; (2) the extent to which Gingras and his alleged associates had insulated themselves from law enforcement and, as a consequence, the government's inability to infiltrate the organization or even make undercover drug purchases,

3

notwithstanding repeated efforts to do so; and (3) the limitations encountered with regard to the government's extensive use of physical surveillance. See Affidavit of Sergeant Quinn at 120-22. See generally United States v. Kahn, 415 U.S. 143, 153 n.12 (1974) ("It is true, as the Court of Appeals noted, that 18 U.S.C. §§ 2518(1)(c) and 2518(3)(c) require the application to demonstrate, and the judge authorizing any wire interception to find, that 'normal investigative procedures' have either failed or appear unlikely to succeed. This language, however, is simply designed to assure that wiretapping is not resorted to in situations where traditional investigative techniques would suffice to expose the crime."). See also United States v. Lopez, 300 F.3d 46, 52-54 (1st Cir. 2002) (concluding, among other things that, "the necessity requirement is not tantamount to an exhaustion requirement.").

The government has demonstrated that its application for electronic surveillance was supported by probable cause and that it had undertaken several alternatives to electronic surveillance prior to seeking judicial authorization to monitor calls placed to and from Gingras's cellular telephone, and that wiretapping was not being sought in a situation in which traditional

4

investigative techniques would be sufficient to expose the crime. Consequently, Gingras's motion to suppress evidence generated as a result of the government's interception of his cellular telephone calls is denied.

II.  <u>The Search of Gingras's Home and Office</u>.

In support of his motion to suppress evidence seized from his home and office, Gingras alleges that: (1) the affidavits submitted to the court in support of the government's application for the search warrants failed to establish probable cause to believe that evidence of drug dealing or money laundering would be found at the target premises; (2) the warrants authorizing the searches of Gingras's home and office were overbroad; (3) attachment B to the affidavits, which listed the items to be seized, was insufficiently detailed to satisfy the requirements of the Fourth Amendment; and (4) the law enforcement officers who executed the search warrants exceeded the authorized scope of those warrants.

As to the asserted lack of probable cause, Gingras says that:

the probable cause issues raised in this motion do not
relate to whether the affidavit sets forth sufficient
information from which the issuing judge could conclude
that there was probable cause to believe that Gingras
had committed drug-related crimes.  Instead, Gingras
argues that the affidavit failed to establish probable
cause to believe that evidence of drug dealing or money
laundering would be found in his home or office at the
time the warrant issued.

Gingras's memorandum (document no. 39) at 2-3.  In short, Gingras

asserts that the government failed to establish a sufficient link

between his drug dealing activities and his home and/or office to

justify the issuance of the challenged search warrants.  Again,

the court disagrees.

The affidavit submitted by New Hampshire State Trooper

Cheryl Nedeau (which incorporates by reference Sergeant Quinn's

original, as well as subsequently filed, Title III affidavits)

sets forth ample evidence to support the conclusion that probable

cause existed to believe that evidence of drug trafficking and

money laundering would be found at Gingras's home and office.

Among other things, Trooper Nedeau's affidavit describes wiretap

and surveillance information obtained on roughly a half-dozen

occasions that more than adequately supports the conclusion that

there was a direct connection between Gingras's drug dealing

6

activities and both his home and office. That affidavit also sets forth sufficient information to support the conclusion that there was probable cause to believe evidence of Gingras's unlawful activities (and proceeds therefrom) would likely be found at those locations. Consequently, the warrant application satisfied the so-called "nexus" requirement and established a link between Gingras's unlawful conduct and both his home and office. See generally United States v. Feliz, 182 F.3d 82, 86 (1st Cir. 1999), cert. denied 528 U.S. 1119 (2000).

In light of the affidavit submitted by Trooper Nedeau in connection with the search warrant application, and the additional affidavits from law enforcement officers that were incorporated by reference by Trooper Nedeau's affidavit, the warrants authorizing the searches of Gingras's home and office were not overbroad. Nor was attachment B to the affidavits, insufficiently detailed to satisfy the requirements of the Fourth Amendment. That attachment listed the items to be seized and provided appropriate limitations upon, and guidance for, the officers executing the warrants (e.g., limiting books and records to be seized to those "relating to the distribution of controlled substances and [money] laundering"; limiting currency, financial

7

documents, and related papers to those "which may evidence proceeds and/or the disposition of monies generated by the purchase and subsequent sale of illegal controlled substances"). See generally United States v. Timpani, 665 F.2d 1, 4-5 (1st Cir. 1981); United States v. Gilbert, 94 F. Supp. 2d 163, 168-70 (D. Mass. 2000).[2]

Finally, the officers executing the search warrants did not exceed the authorized scope of those warrants. More specifically, the seizure of Gingras's computer was plainly permitted by the warrant, which authorized the government to seize any documents "which may evidence the proceeds and/or the disposition of monies generated by the purchase and subsequent sale of illegal controlled substances" and which were "kept manually, mechanically or electronically." By authorizing the government to seize documents that were "kept" (i.e., stored)

---

[2]     Even if the warrant's description of the property to be seized had been insufficiently "particularized," the court's inquiry would shift to "whether the description of items to be seized was so facially defective that an objectively reasonable officer would have known of the warrant's unconstitutionality." United States v. London, 66 F.3d 1227, 1238 (1st Cir. 1995). It was not. Consequently, the court would have denied defendant's motion under the rule described in United States v. Leon, 468 U.S. 897 (1984).

electronically, the warrant included within its scope the authority to seize Gingras's computer, which of course would provide the medium of electronic record keeping.

## Conclusion

For the foregoing reasons, and for the reasons set forth in the government's memoranda (document nos. 45 and 50), defendant Gingras's motions to suppress (document nos. 39 and 40) are denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

December 9, 2002

cc:  Mark A. Irish, Esq.
     Kevin E. Sharkey, Esq.
     Martin G. Weinberg, Esq.
     Steven M. Gordon, Esq.
     Stephen T. Jeffco, Esq.
     Thomas J. Butters, Esq.
     Mark F. Sullivan, Esq.